IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| SCOTT MOORE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:18cv00086-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Scott Moore, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the record in this matter, for the following reasons, I find the decision of the Commissioner must be REVERSED and REMANDED.

Plaintiff was forty-seven years old at the time of the administrative hearing. (Tr. 36.) He testified he is a high school graduate (Tr. 38) and has past relevant work as a carpet layer and truck driver. (Tr. 23.)

The Administrative Law Judge (ALJ)[1] first found Mr. Moore had not engaged in substantial gainful activity from the alleged onset date of January 13, 2015, through the date of the ALJ's decision. Mr. Moore meets the insured status requirements of the Social Security Act through December 31, 2018. (Tr. 17.) He concluded Mr. Moore had several "severe" impairments but did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-18.)

The ALJ next determined Mr. Moore had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 19.) Given this residual functional capacity assessment, the ALJ determined Plaintiff was incapable of performing any of his past jobs. (Tr. 23.) Therefore, he utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Mr. Moore could perform despite his impairments. (Tr. 54-58.) The ALJ determined Mr. Moore could perform the jobs of food beverage order clerk and toy stuffer. (Tr. 24-25.) Accordingly, the ALJ determined Mr. Moore was not disabled. (Tr. 25.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ failed to give fair consideration to the medical evidence provided by his treating physician, Roger Troxel, M.D. (Pl.'s Br. 14-15.) Dr. Troxel has been his treating physician since 2014 and his opinion generally should be accorded substantial weight. *E.g., Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993); *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir. 1990); *see Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994) (a treating physician's opinion concerning the physical limitations of a claimant is entitled to substantial weight).

Dr. Troxel diagnosed Plaintiff with chronic nonalignment pain and his treatment notes from January 23, 2017, report that Plaintiff had decreased ability to walk, stand, lift, and carry. (Tr. 419.) The notes say Mr. Moore can stand "less than 1/3 of a work day" and he "can sit when not standing but has to change positions frequently; decreased walking less than 100 yards at a time; decreased lifting to less than 20 lbs. for less than 1/3 of work day, and requiring breaks in between." (*Id.*) The notes also say Plaintiff would be expected to miss at least three days of work per month due to pain, and he would be impaired at work due to the "sedating effects" of prescriptions required to control his symptoms. (*Id.*)

Plaintiff argues the "ALJ noted Dr. Troxel's opinion but did not state how much weight he gave it, if any." (Doc. No. 11 at 14.) This was error, because "[a]n ALJ's failure to consider or discuss a treating physician's opinion that a claimant is disabled constitutes error where . . . the record contains no contradictory medical opinion." *Prince v. Bowen*, 894 F.2d 283 (8th Cir. 1990)." (Doc. No. 11 at 14.) I have reviewed the ALJ's decision and agree the ALJ did not state

3

whether he gave any weight to Dr. Troxel's findings. (Tr. 15-25.) Plaintiff acknowledges the ALJ seems to have discounted Dr. Troxel's notes because "source of patient information was patient." (Tr. 22, 419.) But Plaintiff correctly argues the ALJ was required to specifically state whether he discounted Dr. Troxel's opinions on this basis. Accordingly, I find the decision of the Commissioner is not supported by substantial evidence and must be remanded for further evaluation of Dr. Troxel's notes.

I recognize the ALJ made fair points and his decision is well reasoned in many respects. And the Commissioner's counsel has made persuasive arguments. So, I do not take lightly remanding this case back to the Commissioner. Nevertheless, I find Mr. Moore has provided sufficient basis to call into question the ALJ's conclusion that he is capable of performing sedentary work. On remand, the Commissioner should more fully consider the opinion of Plaintiff's treating doctor, Dr. Troxel. Additionally, the Commissioner should reconsider his residual functional capacity assessment.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 26th day of September, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE